**IN THE COURT OF APPEALS OF IOWA**

No. 18-1070
Filed September 12, 2018

**IN THE INTEREST OF J.B. and O.B.,**
**Minor Children,**

**B.S., Mother,**
        Appellant,

**M.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Adam D.

Sauer, District Associate Judge.


        A mother and a father separately appeal the termination of their parental

rights to their children. **AFFIRMED ON BOTH APPEALS.**


        Crystal L. Ely of North Iowa Youth Law Center, Mason City, for appellant

mother.

        Jane M. Wright, Forest City, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        David A. Grooters of Pappajohn, Shriver, Eide & Nielsen, PC, Mason City,

guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their children pursuant to Iowa Code section 232.116(1)(h) (2018). We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The parents first contend the juvenile court improperly considered information in the child-in-need-of-assistance (CINA) file in determining clear and convincing evidence established the grounds for termination under section 232.116(1)(h). Specifically, they claim the CINA files were not presented at trial, the State never requested the juvenile court take judicial notice of the files, and they did not have an opportunity to be heard on the question of whether judicial notice should be taken. The State counters that error has not been preserved for our review because any error alleged was never raised to the juvenile court. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."); *In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994) (holding a parent waives error by failing to file a timely motion to enlarge or amend the judgment or degree to call the court's attention to an issue that could be resolved so as to avoid appeal). Although both parents filed motions for nunc pro tunc orders, this was not the proper mode of redress. *See Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007) (distinguishing between a nunc pro tunc order, which corrects a clerical error, and procedures to alter, vacate, or modify judgments). Furthermore, the State notes that both parents deprived the juvenile

court of jurisdiction to rule on any error alleged by filing a notice of appeal before any ruling was made on their motions. *In re B.L.*, 470 N.W.2d 343, 347 (Iowa 1991) ("The general rule is that the trial court loses jurisdiction over the merits of the controversy when an appeal is perfected.").

Even assuming error was preserved and the juvenile court improperly took notice of the CINA files, any error is harmless because de novo review allows us to review the evidence admitted at the termination hearing and reach our own conclusions. *See In re A.K.*, 825 N.W.2d 46, 51 (Iowa 2013) (noting that "de novo review of the evidence may promote efficiency when there is an evidentiary error below because we can review the evidence anew, without considering the inadmissible evidence"). In doing so, we find clear and convincing evidence supports terminating both the mother's and the father's parental rights under section 232.116(1)(h). Termination is appropriate under this section when clear and convincing evidence establishes the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The first three elements were undoubtedly met, and clear and convincing evidence establishes that the children could not be returned safely to the parents' care at the time of the termination hearing. *See id.* § 232.116(1)(h)(4) (requiring proof the child could not be returned to the parents

"as provided in section 232.102 at the present time"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance [(CINA)] adjudication.").

The children were removed from the parents' care in August 2016 due to the parents' methamphetamine use. At the termination hearing in April 2018, the father had not completed substance-abuse treatment. He testified he had used drugs sixteen days earlier, and he had been incarcerated for sixteen days. Although the mother successfully completed substance-abuse treatment in January 2018 and claims she has not used methamphetamine since entering treatment, she continued a relationship with the father after her discharge and has since tested positive for marijuana four times. The couple has a history of domestic violence, and these concerns persist with a report of a domestic situation in March 2018. As a result, it is clear the children could not be safely returned to the parents' care at the time of the termination hearing, and the burden of proof required to terminate under section 232.116(1)(h) has been satisfied.

Each parent requests additional time to have the children returned to their care. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for an additional six months if it is determined "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). However, children are not equipped with pause buttons, and delaying their permanency in favor of the parents is contrary to the children's best

interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). We decline the parents' requests to delay termination.

Finally, both parents contend the State failed to make reasonable efforts to preserve the family by denying their requests for additional visitation with the children. However,

> the reasonable efforts requirement is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the [department of Human Services (DHS)] to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts. The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.

*In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The DHS denied requests for increased visitation due to the father's lack of engagement in services. Although the mother was informed that her continued relationship with the father would impact her ability to be reunified with the children, she opted to continue the relationship. Because the record shows that in spite of the efforts made to

preserve the family, the children could not be returned to the care of either the mother or the father at the time of the termination hearing, we affirm.

**AFFIRMED ON BOTH APPEALS.**